FILED
 2010 Mar-30  AM 08:12
 U.S. DISTRICT COURT
    N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# JASPER DIVISION

| | |
|---|---|
| JAMES T. WALTON, ) | |
| ) | |
| Claimant, ) | |
| ) | |
| vs. ) | Civil Action No. CV-09-S-981-J |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner, Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Claimant James Walton commenced this action on May 19, 2009, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ") denying his claim for a period of disability, disability insurance, and supplemental security income benefits. For the reasons stated herein, the court finds that the Commissioner's ruling is due to be affirmed.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253

(11th Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards. Specifically, claimant asserts that the ALJ erred in failing to fully credit the opinion of Dr. Faruok Raquib, claimant's treating physician, that claimant is disabled. Upon review of the record, the court concludes this contention is without merit.

The opinion of a treating physician "must be given substantial or considerable weight unless 'good cause' is shown to the contrary." *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004) (internal citations omitted). Good cause exists when "(1) [the] treating physician's opinion was not bolstered by the evidence; (2) [the] evidence supported a contrary finding; or (3) [the] treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id*. Additionally, the ALJ is not required to accept a conclusory statement from a medical source — even a treating source — that a claimant is unable to work, because the decision whether a claimant is disabled is not a medical opinion, but is a decision "reserved to the Commissioner." 20 C.F.R. § 416.927(e).

During a deposition, Dr. Raquib testified that claimant experiences chronic low back pain, bilateral hip and knee pain, and chronic headaches.[1] Dr. Raquib also

---

[1] Tr. at 446.

2

confirmed that the following description offered by claimant's counsel was consistent with the history claimant provided to him throughout his treatment:

> [claimant] worked up and until around March the 2nd of 2006 — I think he actually made an unsuccessful work attempt for a couple of weeks after that — but that he finally quit work because of the combined effects of his lower back, knee, and headaches that were occurring that were causing chronic back and leg pain, and further that as a result of these problems when taken in combination that on a pain scale of 1 to 10 that he reported 7/8 out of 10 most of the time, never better than a 6, as high as a 9/10; he had a hard time remaining still posturally and really could not be still for more than 15 to 30 minutes at a time either sitting, standing, or walking without considerable discomfort; that he lays every day most of the waking day anywhere from four to six hours, his very best days he still would lay down as much as two hours, and on his bad days which occur one, sometimes two times a week, he lays the majority of the day; he sleeps poorly, getting usually three to four hours sleep, awakens often; that he has no energy and stamina; and that he feels like things are hopeless to be able to do anything or control this situation, and that all these problems continue to exist in spite of the treatment that has been rendered.[2]

Dr. Raquib also stated that claimant's complaints of pain and functional limitations could reasonably be expected to result from his underlying medical conditions.[3] He also stated that, even though claimant is being treated with medication for his pain, claimant still would be unable to "fulfill a full workday." Furthermore, Dr. Raquib agreed that there was nothing in claimant's medical history to indicate that he was a

---

[2]Tr. at 450-51.
[3]Tr. at 451-52.

malingerer.[4]  Dr. Raquib concluded that claimant's prognosis is "[l]ifelong pain and disability; will not be able to hold a meaningful job."[5]

The ALJ assigned little weight to Dr. Raquib's opinion, stating that

> the opinion is not at all consistent with the doctor's own medical records.  First of all, Dr. Raquib's records are replete with instances of the claimant performing physically demanding activities that are not consistent with Dr. Raquib's testimony. Secondly, Dr. Raquib's answers are responses to the claimant's representative's hypothetical questions. They are based upon the assumption that the claimant's allegations of pain and other limitations are true and factually supported.  As noted above, the claimant's credibility is suspect.  This is true in light of the fact that there is evidence that the claimant continues to work despite his testimony to the contrary.  Lastly, Dr. Raquib's own medical records include numerous references to the claimant's employment.  This includes the fact that his job requires him to stand all night long.[6]

These conclusions were in accordance with applicable law, because they reflect a rejection of a treating physician's opinion due to inconsistency with medical records (including the treating physician's own records) and inconsistency with other evidence of record (including the claimant's reported daily activities).  Furthermore, substantial evidence of record supports the ALJ's conclusions.

Based on the foregoing, the court concludes the ALJ's decision was based upon substantial evidence and in accordance with applicable legal standards.  Accordingly,

---

[4]Tr. at 453.
[5]Tr. at 454.
[6]Tr. at 15.

4

the decision of the Commissioner is AFFIRMED.  Costs are taxed against claimant.

The Clerk is directed to close this file.

    DONE this 30th day of March, 2010.

                                            _____

                                            United States District Judge